**William Andrew PANNELL, d/b/a Jack Pannell Realty Co., et al., Appellants,**

v.

**Jonnie Davis ASHWORTH, Appellee.**

No. 16389.

Court of Civil Appeals of Texas.

Fort Worth.

March 1, 1963.

Ben L. Adams, Jr., Houston, for appellants.

Bernard Kay, Houston, for appellee.

MASSEY, Chief Justice.

The appeal is from a judgment for plaintiff awarding damages because of defendant's breach of contract to sell (or to contract to sell) plaintiff's realty for the sum of $17,500.00. A sale was made for $14,025.00.

Whether the sale was to be made at not less than a price of $17,500.00 was not a question. The single special issue submitted read as follows: "Do you find from a preponderance of the evidence that the Plaintiff had knowledge of the terms of the sale for $14,025.00 before July 22, 1960, the date upon which she signed the deed?". The jury's answer was "we do not". By the form of submission it is apparent that it was what is commonly called "a defendant's issue", with the burden placed upon the defendant. There was no objection to the form of the issue or its submission.

Defendant did present and request the submission of the following special issue. "Do you find from a preponderance of the evidence that the Plaintiff, Jonnie Davis Ashworth, knew or should have known that the sale price of the property in question was $14,025.00 before she signed the deed?". The court refused to submit the issue. Defendant contends this was reversible error.

By the time the case was submitted to the jury plaintiff obviously had elected to stand on the proposition that defendant's act in contracting to sell plaintiff's property at a price below that authorized constituted a breach of contract. Plaintiff's subsequent execution of the deed in the belief that such action was upon a contract to sell at the price of $17,500.00 had no effect upon the question of defendant's liability, but served only to establish the damages to which she was entitled because of the breach. Indisputably, defendant could escape liability only in the event it could be shown that plaintiff, in executing the deed and delivering the property, had knowledge of the material fact., i. e., that the price to be received was $14,025.00.

Actually we do not believe the requested issue was raised. The question was raised as to whether plaintiff, in the exercise of ordinary care, should have known that the price was $14,025.00. But this would not be a pertinent issue in an instance such as this, even had plaintiff's lack of knowledge been the result of her own carelessness in inquiring or her neglect to ascertain the facts. See 3 American Jurisprudence 2d, p. 559, "Agency", sec. 173, "Knowledge of material facts". Even in those jurisdictions where a modification of

the rule is recognized a principal must have actual knowledge of the facts which would put him on inquiry. Such a defense would not be available against an ignorant principal who is unaware of his ignorance, and this is the situation in the instant case. The requested issue was properly refused.

■ Defendant could avoid liability only by raising the question as an issue and prevailing upon the jury to find that plaintiff did have knowledge that she was selling her property at the lower figure rather than at the figure contracted between defendant and herself. In this defendant failed.

■ Defendant also complains because certain evidence was excluded concerning an agency relationship with the man who was plaintiff's husband at time of the transaction. The property was the separate property of plaintiff. The evidence defendant desired was not made a part of the record before us. We fail to understand how the fact of any such agency relationship could have benefited defendant. The point of error is overruled.

Judgment is affirmed.